1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ROBERT RODRIQUEZ, | CASE NO. C15-5498RJB |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| GREEN TREE SERVICING LLC, | |
| Defendant. | |

This matter comes before the court on the defendant's Motion for Partial Summary Judgment (Dkt. 39).   The court is familiar with the records and files herein and documents filed in support of and in opposition to the motion.

The parties agree that plaintiff's fourth and sixth claims should be dismissed and defendant's motion for summary judgment of dismissal as to those claims should be granted.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**FACTS**

The record is sparse as to factual showings as are required under Federal Rule of Civil Procedure 56.  Following is a summary of all of the facts that the parties have presented and that the court can consider under Rule 56:

1.  Green Tree Servicing's mortgage loans, its principal place of business is in Minnesota, it does business in Washington and across much of the United States, and provides information to credit reporting agencies.  (The portion of the unsworn Complaint admitted by the defendant.)

2.  On June 16, 2012, Green Tree became the loan servicer for the loan

3.  On August 27, 2012, Green Tree sent Mr. Rodriguez a notice of Default and Right to Cure Default, a true and exact copy of which is attached as Exhibit 1 to the Declaration of Ted. A. Alt (Dkt. 40).

4.  On November 21, 2012, the trustee sent Mr. Rodriquez a statutory Notice of Default, a true and exact copy of the statutory Notice of Default contained in Mr. Rodriquez's loan file is attached as Exhibit 2 to the Alt Declaration (Dkt. 40).

5.  The trustee sale of plaintiff's property on September 20, 2013.

6.  After the trustee's sale, there remained a balance owed on the loan of $27,024.00. Green Tree reported this open balance to credit reporting agencies.

7.  Green Tree has a consumer loan license in Washington (Paragraphs 2-7 are from the Alt Declaration, Dkt 40).

**First Claim – Fair Credit Reporting Act**

It also appears that the parties agree as to plaintiff's first claim and the motion for summary judgment should be granted as to 15 U.S.C. § 1681s-2(a) only, but denied as to plaintiff's other claims made under § 1681.  The defendant's motion for summary judgment as to

1   the first claim should be granted in part as to § 1681s-2(a) and in all other respects should be

2   denied.

3                     **Second Claim – Fair Debt Collection Practices Act**

4          As to plaintiff's second claim, defendant asks for a finding that it is not a debt collector

5   under 15 U.S.C. § 1692a-6 and 6(f).  While the defendant claims that it is not a debt collector

6   because it obtained the servicing rights to the loan in question and declared a default after that

7   time,  the record does not support such a finding.  Also, it is interesting to note that in the notice

8   Green Tree gave to plaintiff (Exhibit 1 to the Alt Declaration, Dkt. 40), the words, "This

9   communication is from a debt collector" appear at the bottom of the notice.  What effect such a

10  declaration on the notice may have is not before the court.

11         It appears that defendant is correct as to the fact that the statute of limitations under 15

12  U.S.C. § 1692k(d) is one year, and that any complaint must be based on conduct occurring after

13  July 21, 2014.  That is a matter of law and does not provide a basis for the court to grant

14  summary judgment as to any particular claims because the record is silent as to what facts may

15  support a claim during the period after the limitations period.

16         The record is silent as to what information the defendant provided to credit agencies or

17  others or when such information was provided.  The court cannot make any ruling on this scant

18  record, regarding claims of furnishing false credit information.

19                  **Seventh Claim – Washington Consumer Protection Act**

20         As to plaintiff's seventh claim under the Washington State Consumer Protection Act,

21  RCW 19.86, the defendant's motion alleges that the plaintiff cannot prove what must be proved

22  to make out a Consumer Protection Act claim:  1)  An unfair or deceptive act or practice by

23  Green Tree,2) occurring in trade or commerce, 3) public interest impact, 4)  injury to plaintiff's

24

ORDER ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT- 4

1   business or property, and 5) causation.  *Hangman Ridge Training Stables, Inc. v Safeco Title*

2   *Insurance Company*, 105 Wash. 2d 788 (1986).  Defendant's motion put plaintiff on his proof,

3   but plaintiff offers no evidence in support of the elements of a Washington State Consumer

4   Protection Act claim.  Accordingly, the summary judgment should be granted as to plaintiff's

5   seventh claim, and that claim should be dismissed.

6       Therefore, it is hereby

7       **ORDERED** that defendant Green Tree Servicing LLC's Motion for Partial Summary

8   Judgment (Dkt. 39) is **GRANTED IN PART AND DENIED IN PART** as follows:

9       1)  Plaintiff's first claim is **DISMISSED** as to 15 U.S.C. § 1681s-2(a) claims only;

10      2)  Defendant's Motion is **DENIED** as to Plaintiff's second claim except that the claim

11  cutoff date is July 21, 2014;

12      3)  Plaintiff's fourth and sixth claims are **DISMISSED**; and

13      4)  Plaintiff's seventh claim is **DISMISSED**.

14      The case may proceed on the claims made that have not been dismissed by this order.

15      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing pro se at said party's last known address.

17      Dated this 27th day of January, 2016.

18

19

20      ROBERT J. BRYAN
        United States District Judge

21

22

23

24