UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT RODRIGUEZ,<br><br>    Plaintiff,<br><br> v.<br><br>GREEN TREE SERVICING LLC, et al.,<br><br>    Defendants. | CASE NO. 3:15-cv-05498-RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION |

  The Court directly and sufficiently addressed each component of Green Tree's FDCPA motion, which in its entirety reads:

> 2. On Plaintiff's Second Cause of Action against Green Tree under the Fair Debt Collection Practices Act ("FDCPA") because Green Tree is not a "debt collector," it cannot be liable under §1692e, and it did not make a false representation to a credit reporting agency. Further, Plaintiff is barred from asserting any FDCPA claim based on an alleged action or inaction that occurred prior to July 21, 2014. Dkt. 39, at 1.

First, the Court directly addressed an issue framed as a negative, namely, whether Green Tree is <u>not</u> a "debt collector," finding that "the record does not support such a finding." Dkt. 43, at 4, line 7. Because, based on the pleadings and attachments provided, it appears Green Tree could be a debt collector, then the next portion of the argument, that Green Tree could not be liable under § 1692e (which only applies to debt collectors), is moot. Next, whether Green Tree made a false representation, is an issue of fact that "[t]he court cannot make any ruling on [based on] this scant record[.]" Dkt. 43, at 4, line 17. Finally, the Court expressly affirmed Green Tree's

ORDER ON MOTION FOR RECONSIDERATION- 1

argument concerning the statute of limitations. Dkt. 43, at 4, line 13. The Court systematically addressed each component of Green Tree's motion.

Green Tree's Motion for Reconsideration argues that the Court "overlooked and did not rule on two of the three grounds raised by Green Tree[,]" namely, that even if Green Tree is a debt collector, (1) Green Tree can only be liable under § 1692f(6), not § 1692e, and (2) Green Tree did not make a false representation by reporting Plaintiff's debt to credit reporting agencies as a matter of law. Dkt. 44. However, these two issues were raised in the Analysis portion of Green Tree's briefing, Section III, not the Motion portion, Section I. The Court need not directly analyze all sub-arguments relating to Green Tree's motions. Nonetheless, the first issue is impliedly addressed by the Court's ruling that Green Tree may be a debt collector. Although Green Tree is correct that only § 1692f(6), not § 1692e, applies to entities effectuating non-judicial foreclosures, Plaintiff's theory is that Green Tree violated § 1692e in post-foreclosure credit reporting actions, so § 1692e may apply. Dkt. 41, at 15, 16. The second issue cannot be ruled on in a vacuum. The application of the so-called "anti-deficiency statute," RCW 61.24.100, is less than clear, especially with so many facts unknown. For example, the timing, content, accuracy, and manner of Green Tree's communications with Plaintiff and credit agencies could bear on the issue raised.

The Motion for Reconsideration (Dkt. 44) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of February, 2016.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION- 2