1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

| | |
|---|---|
| ROBERT RODRIGUEZ, | CASE NO. 3:15-cv-05498-RJB |
| Plaintiff, | ORDER ON MOTION FOR RECONSIDERATION |
| v. | |
| GREEN TREE SERVICING LLC, et al., | |
| Defendants. | |

12

The Court directly and sufficiently addressed each component of Green Tree's FDCPA

motion, which in its entirety reads:

13

14

15

2. On Plaintiff's Second Cause of Action against Green Tree under the Fair Debt Collection Practices Act ("FDCPA") because Green Tree is not a "debt collector," it cannot be liable under §1692e, and it did not make a false representation to a credit reporting agency. Further, Plaintiff is barred from asserting any FDCPA claim based on an alleged action or inaction that occurred prior to July 21, 2014. Dkt. 39, at 1.

16

First, the Court directly addressed an issue framed as a negative, namely, whether Green Tree is

17

not a "debt collector," finding that "the record does not support such a finding." Dkt. 43, at 4,

18

line 7. Because, based on the pleadings and attachments provided, it appears Green Tree could be

19

a debt collector, then the next portion of the argument, that Green Tree could not be liable under

20

§ 1692e (which only applies to debt collectors), is moot. Next, whether Green Tree made a false

21

representation, is an issue of fact that "[t]he court cannot make any ruling on [based on] this

22

scant record[.]" Dkt. 43, at 4, line 17. Finally, the Court expressly affirmed Green Tree's

23

24

1   argument concerning the statute of limitations. Dkt. 43, at 4, line 13. The Court systematically

2   addressed each component of Green Tree's motion.

3        Green Tree's Motion for Reconsideration argues that the Court "overlooked and did not

4   rule on two of the three grounds raised by Green Tree[,]" namely, that even if Green Tree is a

5   debt collector, (1) Green Tree can only be liable under § 1692f(6), not § 1692e, and (2) Green

6   Tree did not make a false representation by reporting Plaintiff's debt to credit reporting agencies

7   as a matter of law. Dkt. 44. However, these two issues were raised in the Analysis portion of

8   Green Tree's briefing, Section III, not the Motion portion, Section I. The Court need not directly

9   analyze all sub-arguments relating to Green Tree's motions. Nonetheless, the first issue is

10  impliedly addressed by the Court's ruling that Green Tree may be a debt collector. Although

11  Green Tree is correct that only § 1692f(6), not § 1692e, applies to entities effectuating non-

12  judicial foreclosures, Plaintiff's theory is that Green Tree violated § 1692e in post-foreclosure

13  credit reporting actions, so § 1692e may apply. Dkt. 41, at 15, 16. The second issue cannot be

14  ruled on in a vacuum. The application of the so-called "anti-deficiency statute," RCW 61.24.100,

15  is less than clear, especially with so many facts unknown. For example, the timing, content,

16  accuracy, and manner of Green Tree's communications with Plaintiff and credit agencies could

17  bear on the issue raised.

18       The Motion for Reconsideration (Dkt. 44) is DENIED.

19       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

20  to any party appearing *pro se* at said party's last known address.

21       Dated this 19th day of February, 2016.

22

23

24       ROBERT J. BRYAN
         United States District Judge